UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TATE HEUER,

                Petitioner,                 MEMORANDUM & ORDER
                                                      07-CV-0135 (JS)
    -against-

JOHN MURPHY,

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Tate Heuer, Pro Se
                    NYSID # 732855O
                    SCCF# 203485
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Respondent:     Michael J. Miller, Esq.
                    Suffolk County District Attorney's Office
                    Criminal Courts Building
                    200 Center Drive
                    Riverhead, NY 11901

SEYBERT, District Judge:

        On January 5, 2007, Tate Heuer ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2006, Petitioner was charged with driving while intoxicated and aggravated unlicensed operation of a motor vehicle. Petitioner entered a plea of guilty to both charges, and was sentenced on July 31, 2006 to concurrent one-year terms of imprisonment for each conviction. Petitioner also admitted to a violation of probation on an earlier charge; Petitioner was sentenced to "time served" under the violation of probation with the sentence to run concurrently with the sentence imposed under his 2006 charges.

Petitioner claims that his plea of guilty was entered into with the belief that he would serve concurrent sentences, and asks that this Court "reinstate" his sentences. Respondent maintains that Petitioner's claim is moot and procedurally barred.

Petitioner filed several petitions for a writ of habeas corpus before the Suffolk County State Court. On February 16, 2007, the Honorable Arthur G. Pitts granted Petitioner's application and released Petitioner from custody. Judge Pitts held that Petitioner's sentences were to run concurrently, and because Petitioner served time on his earlier sentence, Petitioner did not have any time remaining on his sentences.

"The Supreme Court has held that a habeas petition challenging a criminal conviction is not necessarily mooted when the petitioner is released from prison, as collateral consequences of that conviction may still impinge on the petitioner post-release, and therefore a case or controversy may continue to exist." Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002) (citing Pollard v. United States, 352 U.S. 354, 358, 77 S. Ct. 481, 1 L. Ed. 2d 393 (1957)). Such collateral consequences include "impeachment evidence in future criminal trials, and increased future sentences" Perez, 296 F.3d at 125 (citing Sibron v. New York, 392 U.S. 40, 54-56, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)).

However, Petitioner does not challenge his underlying convictions; Petitioner merely asks that this Court reinstate

2

Petitioner's original sentence.  Judge Pitts has already reinstated Petitioner's sentence and has released Petitioner from custody because he has already served enough time on the concurrent sentences.  Thus, the remedies Petitioner requests are moot, and the Court dismisses Petitioner's application for a writ of habeas corpus.  See Johnson v. Filion, No. 05-CV-0443, 2005 U.S. Dist. LEXIS 28333, at *9 (S.D.N.Y. Nov. 18, 2005) (dismissing as moot petitioner's claim that he was improperly adjudicated as a second-felony offender "[b]ecause this issue was resolved in (petitioner's) favor"); see also Rincon v. Warden, No. 08-CV-3776, 2009 U.S. Dist. LEXIS 32582, at * 20-21 (S.D.N.Y. Apr. 10, 2009).

The Clerk of the Court is directed to mark this matter CLOSED.  The Court will not issue a certificate of appealability.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       August  14 , 2009